UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| IN RE SYMBOL TECHNOLOGIES, INC. SECURITIES LITIGATION | **MEMORANDUM OF DECISION AND ORDER** 05-CV-3923 (DRH)(JO) |

_____

**APPEARANCES:**

**For the Iron Workers Local #580 Pension Fund Proposed Lead Plaintiffs:**
**Pomerantz Haudek Block Grossman & Gross LLP**
One North La Salle Street
Suite 2225
Chicago, Illinois 60602
By: Patrick V. Dahlstrom, Esq.

**For the Massachusetts Laborers' Annuity Fund Proposed Lead Plaintiffs:**
**Lerach Coughlin Stoia Geller Rudman & Robbins LLP**
200 Broadhollow Road, Suite 406
Melville, New York 11747
By: Samuel H. Rudman, Esq.
    David A. Rosenfeld, Esq.
    Mario Alba, Jr., Esq.

**For the Hoine Group Proposed Lead Plaintiffs:**
**Wechsler Harwood LLP**
488 Madison Avenue, 8th Floor
New York, New York 10022
By: Samuel K. Rosen, Esq.

**For the Lieberman Group Proposed Lead Plaintiffs:**
**Stull Stull & Brody**
6 East 45th Street
Suite 500
New York, New York 10017
By: Aaron L. Brody, Esq.
    Jules Brody, Esq.
    Jason D'Agnenica, Esq.

**HURLEY, District Judge**:

        Presently before the Court are the motions by (1) Iron Workers Local # 580

Pension Fund (the "Pension Fund"); (2) Massachusetts Laborers' Annuity Fund; (3) Ruth and

Margaret L. Hoine and Steven Kutnick (the "Hoine Group"); and (4) Ivan F. Brewer, Jr., Edward and Jane Hegele as trustees for the Hegele Trust, Bruce F. Holding, Jr., Richard G. Lieberman and Darren and LuAnn Wicks (the "Lieberman Group") for appointment as lead plaintiffs and approval of their selection of lead counsel. For the reasons stated below, the motion of the Pension Fund is granted in its entirety and the remaining motions are denied.

## BACKGROUND

This is a consolidated securities fraud class action pursuant to the Securities Exchange Act of 1934. At least eight separate class actions were brought against defendants Symbol Technologies ("Symbol"), William R. Nuti, and Mark T. Greenquist. By Order dated October 31, 2005, these eight actions were consolidated.

Prior to consolidation, four motions for appointment as lead plaintiff were made in accordance with the Private Securities Litigation Reform Act of 1995 (the "PSLRA") by plaintiffs in four of the original actions. All of these plaintiffs sought to consolidate the various class actions and to be appointed as lead plaintiffs. Defendants take no position with regard to the respective motions.

## DISCUSSION

### I.     *Procedure under the PSLRA*

The PSLRA sets forth the procedure governing the appointment of a lead plaintiff in securities class actions. As an initial matter, the plaintiff who files the first action must publish notice to the class within twenty (20) days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(I).

Next, the PSLRA provides that within ninety (90) days after publication of notice,

the Court shall consider any motion made by a purported class member and shall appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.* § 78u-4(a)(3)(B). There is a rebuttable presumption that the "most adequate plaintiff" is

> the person or group of persons that –
>
>> (aa) has either filed the complaint or made a motion in response to [the statutorily mandated] notice . . .;
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff-(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

## II.  *Application to the Present Cases*

The first action, *Waring v. Symbol Technologies, Inc.*, 05 CV 3923, was filed on August 16, 2005. That same day, plaintiffs' counsel published notice of the pendency of the action over the *Business Wire*. The notice advised members of the proposed class of their right to move before this Court to serve as lead plaintiff(s) on or before October 17, 2005. (*See, e.g.*, Pension Fund's Mem. Ex. A.)

As noted above, Plaintiffs in four of the above-referenced cases filed competing motions for appointment as lead plaintiff. Upon review of the competing motions, the Massachusetts Laborers' Annuity Fund submitted a "Response" indicating that because it "has the second largest financial interest in the outcome of this litigation among the lead plaintiff

3

movants[,] [it] does not intend to submit an opposition to other pending motions seeking appointment as lead plaintiff and approval of lead plaintiff's selection of lead counsel." (Massachusetts Fund's Response at 1.) The Hoine and Lieberman Groups failed to file any opposition papers in response to the other applicants' motions. Thus, the only movant that has filed any opposition papers is the Pension Fund. Although the Pension Fund argues that its motion should be granted as unopposed, the Court briefly reviews its application below to ensure that it meets the requirements under the PSLRA

### A.  15 § 78u-4(a)(3)(B)(iii)(I)(aa)

All of the groups have satisfied the first criterion necessary for a finding of most adequate plaintiff in that each has timely filed a motion in response to the notice of the first filed action. *Id.* § 78u-4(a)(3)(B)(iii)(I)(aa). Pursuant to the statute, the Court must then determine which group holds the largest financial interest in the relief sought. *Id.* § 78u-4(a)(3)(B)(iii)(I)(bb).

### B.  15 § 78u-4(a)(3)(B)(iii)(I)(bb)

All of the movants have submitted their respective claims of financial losses. After a review thereof, it is clear that the Pension Fund has the largest financial interest in the relief sought, which is presumably why its motion is unopposed. The Pension Fund purchased or otherwise acquired 42,300 shares of Symbol common stock, incurring an estimated loss of $182,236.00, which is far greater than the estimated losses incurred by the other movants. (*See* Pension Fund's Mem. at 3.)

### C.  15 § 78u-4(a)(3)(B)(iii)(I)(cc)

Finally, the Pension Fund "otherwise meets the requirements of Rule 23(a)."

4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) sets forth four prerequisites to be considered in evaluating the propriety of class certification, to wit, numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a). Only the typicality and adequacy criterions are relevant to the selection of lead plaintiff. *See In re eSpeed, Inc. Sec. Litig.*, No. 05 Civ 2091, 2005 WL 1653933, at *5 (S.D.N.Y. July 13, 2005); *Dolan v. Axis Capital Holdings Ltd.*, Nos. 04 Civ. 8564, 04 Civ. 8810, 2005 WL 883008, at *4 (S.D.N.Y. Apr. 13, 2005).

Typicality is satisfied where the claims arise from the same course of events and each class member makes similar legal arguments to prove the defendant's liability. *See, e.g.*, *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001). The Pension Fund easily meets this requirement because the Pension Fund, like the other purported class members in this action, alleges that it purchased or otherwise acquired Symbol stock during the class period at artificially inflated prices due to defendants' misrepresentations in violation of the Exchange Act.

The Pension Fund also meets the Rule 23 requirement that the lead plaintiff have the capacity to adequately represent the class. The adequacy requirement is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *See, e.g.*, *In re eSpeed, Inc. Sec. Litig.*, 2005 WL 1653933, at *5 (citing *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002) (considering adequacy in the lead plaintiff appointment context)). The Pension Fund's counsel, Pomerantz Haudek Block Grossman & Gross LLP, has extensive experience litigating securities class actions and, therefore, has the ability to conduct the

5

litigation effectively. Moreover, there is no evidence to suggest that the members of the Pension Fund have interests that are antagonistic to each other or to other members of the putative class. Finally, the Pension Fund has already displayed a willingness to vigorously pursue its claims and has enough of an interest in the outcome of the litigation to ensure that it will continue to do so. Thus, the Pension Fund is an adequate class representative.

Thus, because the Pension Fund has satisfied the three prong test of the PSLRA, to wit, the Pension Fund has submitted a timely motion requesting to be named lead plaintiff, it is the entity with the greatest financial interest in the relief sought by the class, and otherwise meets the requirements of Rule 23(a), the Pension Fund is presumptively the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To rebut this presumption, as noted previously, the other movants must offer proof that the Pension Fund "will not fairly and adequately protect the interests of the class; or [are] subject to unique defenses that render [them] incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II). They have failed to do so. Accordingly, the Court appoints the Pension Fund as lead plaintiff.

### III.    *Motions for Selection of Lead Counsel*

The Pension Fund further moves to designate Pomerantz Haudek Block Grossman & Gross LLP as lead counsel. The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v). The firm's resume indicates that it has successfully prosecuted numerous securities fraud class actions and is otherwise well qualified and free of conflicts. Accordingly, the Court appoints Pomerantz Haudek Block Grossman & Gross LLP as lead counsel.

## CONCLUSION

For the foregoing reasons, the motion by the Pension Fund for appointment as lead plaintiff and for approval of Pomerantz Haudek Block Grossman & Gross LLP as lead counsel is granted.

**SO ORDERED.**

Dated: Central Islip, N.Y.
April 26, 2006

/s
Denis R. Hurley,
United States District Judge